The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner W. Bain Jones, Jr. and the briefs and arguments on appeal. The appealing party has not shown good ground to receive further evidence or to amend the holding of the Deputy Commissioner. However, pursuant to its authority under G.S.97-85, the Full Commission has modified the Deputy Commissioners decision, while affirming its holding, and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 29 June 1999 as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Travelers Insurance Company is the carrier on risk.
4. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer on 6 June 1996. Plaintiffs left hand was injured when a ripsaw kicked back a piece of wood, which went through plaintiffs left index finger.
5. The Form 22 was submitted from which an average weekly wage will be determined.
6. Plaintiffs medical records were stipulated into evidence as Stipulated Exhibit 1. These records consist of documentation from Fredricia Nannie, M.D., documentation from Timothy Collins, M.D., documentation from Jon Kolkin, M.D., documentation from Scott Sanitate, M.D., documentation from Sunil Dogra, documentation from Paul J. W. Tawney, M.D., documentation from Central Carolina Hospital and documentation from CorVel Rehabilitation Management.
7. The issues before the undersigned are: (i) whether and when plaintiff reached maximum medical improvement from her 6 June 1996 compensable injury; and (ii) if so, what compensation, if any, is due plaintiff relating to any permanent partial disability plaintiff may have suffered as a result of the 6 June 1996 injury?
 EVIDENTIARY RULINGS
The objections raised in the depositions of Timothy Collins, M.D., Jon Kolkin, M.D., and Frederica J. Nanni, M.D. are OVERRULED.
 ***********
Based the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner on 29 June 1999, plaintiff was 56 years old. Plaintiff was employed by defendant-employer as a ripsaw operator. Plaintiff earned $9.30 per hour for 40 hours of work per week. Plaintiff was paid time and a half for any overtime she worked.
2. On 6 June 1996, plaintiff was operating the ripsaw when a piece of wood ejected out of the machine into her left long finger. The piece of wood entered her finger at the PIP joint and was pushed underneath the skin to beyond the DIP. The wood plaintiff was working with on the ripsaw was approximately two (2) feet long, one (1) inch wide and one-fourth (1/4) inches thick.
3. Following the accident, plaintiff held her hand while the supervisor cut the piece of wood down to size and was then taken to Central Carolina Hospital in Sanford. Plaintiff was also examined on the date of her injury by Dr. Frederick J. Nanni.
4. Plaintiff was eventually examined on the date of her injury by accident by Dr. Charles Beemer. Dr. Beemer performed surgery that day to remove the piece of wood from plaintiffs finger. Plaintiff was advised by Dr. Beemer that the wood was lying on top of a nerve in her finger.
5. After the surgical procedure, plaintiff was placed on light duty for a short period of time before she returned to her normal work with defendant-employer.
6. Plaintiff continued to work in this capacity for approximately six (6) months after the injury before her forearm began to swell and feel cold.
7. With these new symptoms, plaintiff returned to Dr. Nanni who indicated that the stiffness and scarring over the finger, limited flexiation of the distal part of the finger and increased sensitivity to pain in the forearm were a result of her injury on 6 June 1996. Dr. Nanni opined that plaintiff was probably experiencing reflex sympathetic dystrophy resulting in pain in her left hand and in her left and right arms.
8. On 15 May 1997, Dr. Nannie referred plaintiff to Dr. Tim Collins, a neurologist, because plaintiffs pain was not improving. Dr. Collins first examined plaintiff on 19 May 1997, and determined that the pain she was experiencing was directly related to her injury by accident on 6 June 1996. Dr. Collins opined that plaintiff had likely injured one of the sensory nerves in her hand which had resulted in the subsequent pain. Furthermore, Dr. Collins determined that plaintiff had developed reflex sympathetic dystrophy as a direct and natural result of her 6 June 1996 injury by accident.
9. In January 1998, Dr. Collins examined plaintiff and found she was experiencing pain in both her left and right shoulders. Dr. Collins opined that the pain plaintiff was experiencing in her right shoulder was caused by over use of that hand and arm following the injury to her left hand on 6 June 1996. Presented with these symptoms, Dr. Collins contacted the Pain Clinic at the University of North Carolina in Chapel Hill and referred plaintiff to Dr. Sunid Dogra, a pain specialist.
10. On 28 December 1998, Dr. Collins found that plaintiff had reached maximum medical improvement and assigned a twenty-five percent (25%) permanent partial disability rating for her left hand and a ten percent (10%) permanent partial disability rating for her right upper extremity.
11. The opinions of Dr. Collins regarding the cause of plaintiffs left hand and right arm pain, and her permanent partial disability ratings, is given more weight than those of Dr. Jon Kolkin, who arrived at his ratings without having reviewed all of plaintiffs medical records.
12. Plaintiffs left hand pain, her right arm pain and reflex sympathetic dystrophy syndrome are the direct and natural results of her 6 June 1996 injury by accident.
13P laintiffs average weekly wage was $321.16 yielding a compensation rate of $214.11.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 6 June 1996, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer to her left hand. G.S. 97-2(6). Plaintiffs left had pain, her right arm pain and reflex sympathetic dystrophy syndrome are the direct and natural results of her 6 June 1996 injury by accident. Id.
2. As a result of her 6 June 1996 injury by accident, plaintiff is entitled to be paid by defendants permanent partial disability compensation at the rate of $214.11 per week for a period of fifty (50) weeks for the twenty-five percent (25%) rating to her left hand. G.S.97-31(12).
3. As a result of her 6 June 1996 injury by accident, plaintiff is entitled to be paid by defendants permanent partial disability compensation at the rate o $214.11 per week for a period of twenty-four (24) weeks for the ten percent (10%) rating to her right arm. G.S.97-31(13).
4. As a result of her compensable injuries, plaintiff is entitled to have defendants pay for all related medical expenses. G.S. 97-25; G.S.97-25.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission has modified in part and affirmed in part the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay to plaintiff permanent partial disability compensation at the rate of $214.11 per week for a period of fifty (50) weeks for the twenty-five percent (25%) rating to her left hand. Having accrued, this compensation shall be paid to plaintiff in a lump sum, subject to the attorneys fee approved herein.
2. Defendants shall pay to plaintiff permanent partial disability compensation at the rate of $214.11 per week for a period of twenty-four (24) weeks for the ten percent (10%) rating to her right arm. Having accrued, this compensation shall be paid to plaintiff in a lump sum, subject to the attorneys fee approved herein.
3. Defendants shall pay for all related medical expenses.
4. A reasonable attorneys fee of twenty-five percent (25%) of the compensation awarded herein is approved for plaintiffs counsel. From the lump sums due, this fee shall be deducted and paid directly to plaintiffs counsel.
5. Defendants shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER